IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID L. BARBER                                                                    PLAINTIFF

V.                                        NO. 13-5235

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, David L. Barber, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 27, 2011,

alleging an inability to work since October 27, 2009, due to his lower back and his legs going

numb. (Tr. 125-130, 133-134, 165, 179).  An administrative hearing was held on March 12,

2012, at which Plaintiff appeared with counsel and testified. (Tr. 24-65).

By written decision dated July 12, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe -

degenerative disc disease in his lumbar spine and obesity. (Tr. 13). However, after reviewing all

of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal

-1-

AO72A
(Rev. 8/82)

the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes and scaffolds, and he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was capable of performing his past relevant work as a security guard. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 14, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

-2-

have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir.

-3-

1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) The ALJ erred in finding that Plaintiff retained the RFC to perform his past relevant work as a security guard; 4) The ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of light work; and 5) The ALJ erred in failing to fully and fairly develop the record. (Doc. 14).

**A.    Consideration of Impairments in Combination:**

Plaintiff argues that the ALJ failed to consider the combined effects of Plaintiff's obesity with his other impairments.  In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 12).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr.12).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 14).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011

(8th Cir. 2005).

In addition, the ALJ discussed Plaintiff's obesity, noting that it had been considered in accordance with SSR 02-1p, and the limitations associated with said obesity were incorporated in his RFC. (Tr. 14-15).

Based upon the foregoing, the Court finds there is substantial evidence that the ALJ considered all of Plaintiff's impairments in combination.

**B.     Credibility Analysis:**

Plaintiff argues that the ALJ neglected to properly address his subjective complaints of pain. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC. (Tr. 15). The ALJ discussed the conservative care that

-5-

Plaintiff received with respect to his back and lower extremity pain. (Tr. 16). The ALJ also addressed the x-rays obtained, which revealed moderate degenerative disc disease with dessiccation and loss of vertical height at L4 on L5 and L5-S1 and mild diffuse annular disc bulging at L4-5 and L5-S1, but no demonstration of focal disc protrusion, extruded disc fragment, central canal stenosis, neural exit foraminal stenosis or bony lateral recess stenosis and mild to moderate degenerative facet arthropathy at each level. (Tr. 16). The ALJ discussed the general physical examination of Dr. Tad Morgan as well as the records of Dr. Konstantin V. Berestnev, noting that Dr. Morgan's examination revealed normal range of motion in his spine and extremities, no muscle spasms, negative SLR tests, no neurological deficits and normal limb function examination, and that a subsequent medical record showed normal gait and 5/5 strength. (Tr. 16). The ALJ addressed Plaintiff's daily activities, noting that he had no problem with personal care, that he helped his dad, who had had a stroke, prepared his own meals, i.e. sandwiches, soup, etc., did some household chores, drove, lived with his parents and brother, and tried to do some laundry and vacuum. (Tr. 17).  At the hearing, Plaintiff testified that he mainly tried to exercise, walk around, move around and "keep my body functioning because I'm trying to get better and go back to work." (Tr. 34).

The ALJ reported that he attempted to discharge his duty to find the nature, degree, and level of Plaintiff's subjective pain and other discomfort, and the functional restrictions which it imposed, "by carefully considering all pertinent evidence in the record as a whole."  (Tr. 17). He concluded, after weighing all of the relevant facts, that Plaintiff's subjective complaints did not warrant any additional limitations beyond those established in his RFC assessment. (Tr. 17).

Based upon the foregoing, the Court finds that there is substantial evidence to support

the ALJ's credibility findings.

### C.   RFC Determination:

Plaintiff argues that the ALJ disregarded Plaintiff's testimony regarding his physical limitations, as well as the findings and opinions of his treating and evaluating physicians. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ considered the opinions of the state agency medical consultants and concluded that Plaintiff's physical abilities were more limited than originally thought. (Tr. 17). He further reported that he did not give Dr. Berestnev's opinion significant weight, even though he was Plaintiff's treating physician, because it appeared that his opinion was based, at least in part, on whether Plaintiff's musculoskeletal impairment was related to a worker's compensation injury, as he reported that Plaintiff's findings on the MRI scan were degenerative in nature and

AO72A
(Rev. 8/82)

could not be explained by an acute injury on October 27, 2009. (Tr. 17-18).  In his Physician's Report dated January 13, 2010, Dr. Berestnev reported that Plaintiff suffered no permanent impairment due to his work-related injury. (Tr. 226). In a letter to the Plaintiff's previous employer, Dr. Berestnev stated that "[f]or all practical purposes the findings on this MRI are degenerative in nature and cannot be explained by an acute injury on 10-27-09." (Tr. 227). He recommended that Plaintiff continue with being active, continue to do stretching exercises, take anti-inflammatory medicine, specifically Lodine 400 mg. one tablet twice a day, take Percocet at night only on an as needed basis, and otherwise, he would be released from Dr. Berestnev's care. (Tr. 227).

The ALJ gave Dr. Morgan's opinion significant weight, as a restriction of the ability to perform no more than the exertional requirements of light work, which the ALJ believed to constitute at least a "moderate" limitation. (Tr. 18).

The Court finds, based upon the record as a whole, that there is substantial evidence to support the ALJ's RFC determination as well as the weight he gave to the various physicians' opinions.  In addition, based upon the testimony of Plaintiff as well as the VE, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff could return to his past relevant work as a security guard.

**D.** **Duty to Fully and Fairly Develop the Record:**

Plaintiff argues that the ALJ neglected to seek any physician's opinion which would support his findings, and that the matter should be remanded in order to fully and fairly develop the medical record as it related to "all" of Plaintiff's impairments and their effects on his ability to function in the workplace on a regular and sustained basis.

-8-

The ALJ has a duty to fully and fairly develop the record. <u>See</u> <u>Frankl v. Shalala</u>, 47 F.3d 935, 938 (8th Cir. 1995); <u>Freeman v. Apfel</u>, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. <u>Payton v. Shalala</u>, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. <u>See</u> 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. <u>Vossen v. Astrue</u>, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. <u>See</u> <u>Shannon v. Chater</u>, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." <u>Matthews v. Bowen</u>, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." <u>Mans v. Colvin</u>, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting <u>Battles v. Shalala</u>, 36 F.3d 43, 45 (8th Cir. 1994).

The Court finds Plaintiff's argument on this issue to be without merit. It is clear from the record in this case, as pointed out above, that there was sufficient evidence before the ALJ for him to make a determination regarding Plaintiff's ability to function in the workplace.

## IV.    Conclusion:

Accordingly, based upon the foregoing, and after carefully reviewing the record, the

AO72A
(Rev. 8/82)

Court finds there is substantial evidence to support the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The Court further finds that Plaintiff's Complaint should be dismissed with prejudice.

IT IS SO ORDERED this 2nd day of October, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-